NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL EAGAN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 12-5843 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

Before the Court is Plaintiff Michael Eagan's appeal ("Plaintiff") seeking review of a final determination by the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, this Court affirms the Commissioner's decision.

**I. BACKGROUND**

    A.    <u>Procedural History</u>

The instant case stems from Plaintiff's application of May 25, 2006 for SSI and a subsequent application of May 13, 2010 for DIB. Per the order of the Appeals Council the two claims were merged as they are duplicative. (R. at 235). Plaintiff's SSI application was denied on October 27, 2006. (R. at 10.) His request for reconsideration was denied on March 30, 2007. (*Id.*) On August 11, 2008, a hearing was held before Administrative Law Judge Richard West.

(*Id.*) On September 15, 2008 the ALJ concluded that Plaintiff was not disabled under §§ 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. (R. at 18.) Plaintiff requested review of the decision and the Appeals Council denied the request on February 24, 2010. (R. at 1-3.) Thereafter, Plaintiff filed a civil action in this Court, and the matter was remanded to the defendant pursuant to a consent order dated October 20, 2010. (R. at 267-68.)

Subsequently, on March 15, 2011, the Appeals Council remanded the case to the ALJ to (1) obtain additional evidence concerning claimant's impairments; (2) further evaluate claimant's subjective complaints; (3) give further consideration to claimant's maximum residual functional capacity and explain the weight given to treating and examining source opinions; and (4) obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations. (R. at 272-73.) A new hearing was held on July 26, 2011, before ALJ West. (R. at 235.) On October 20, 2011, ALJ West once again found that Plaintiff was not disabled under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (R. at 241.) ALJ West's decision became final upon the Appeals Council's denial of Plaintiff's request for review on July 19, 2012. (R. at 229-231.)

    B.    <u>Factual Background</u>

Plaintiff was born on May 9, 1974, in Westwood, New Jersey. (R. at 24.) He has a high school degree and graduated from a mechanical trade school in Arizona. (R. at 24.) After completing his education, Plaintiff worked as a motorcycle mechanic for five years at Edison Harley Davison, Bergen County Harley Davidson, and American Chopper. (R. at 25-26.)

Subsequently, Plaintiff worked as an electrician in Park Ridge, New Jersey. (R. at 27.) On March 5, 2003, Plaintiff suffered a work related accident, which caused back pain. (R. at 28.) He stopped working immediately and did not return to work thereafter. (R. at 28.) Since

the accident, Plaintiff has received multiple epidural shots, a number of back surgeries, and prolonged physical therapy. (R. at 28-30.)

Plaintiff complains of back pain and numbness in both legs. (R. at 30.) To reduce the pain, doctors prescribed Percocet three times a day. However, Plaintiff has slowly weaned himself off of prescription painkillers and now only takes Advil when necessary. (R. at 32-33, 252.) Plaintiff is able to walk only an estimated two blocks and sit in the car for no more than forty minutes. (R. at 33-34.) Plaintiff has lived with his mother since the accident. (R. at 31.) She does the majority of the cooking and cleaning, and drives Plaintiff everywhere unless the drive is for a short distance. (R. at 32-33.)

Plaintiff currently receives workers' compensation benefits of $275 per week. (R. at 251.) He alleges that he is unable to work because of back pain caused by standing or sitting for long periods of time. (R. at 35.)

C.   Summary of the ALJ's Findings

At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act and has not engaged in substantial gainful work activity since the date of the disability. (R. at 237.) At steps two and three, the ALJ found that Plaintiff's impairments were "severe", but not "severe enough" to meet, either individually or in combination, any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (R. at 237-238.) The ALJ determined that Plaintiff has herniated discs of the lumbar spine and status post lumbar fusion, but neither impairment rises to the level of meeting the spinal stenosis, nerve root, or spinal cord compression requirements of medical listing 1.04. (*Id.*)

The ALJ concluded that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(s), except that Plaintiff is precluded from climbing or crawling;

can occasionally balance, stoop, kneel, and crouch; and can sit for thirty consecutive minutes but must then be able to stand up for five minutes before sitting again. (R. at 238.) To make this conclusion, the ALJ considered all symptoms and their consistency with the evidence. (*Id.*)

Specifically, the ALJ considered whether there was an underlying medically determinable physical impairment. (*Id.*) Then he evaluated the intensity, persistence, and limiting effects of the Plaintiff's symptoms to determine the extent to which they hinder his functioning. (*Id.*) The ALJ noted that the evidence indicates a significant improvement in Plaintiff's back pain and lower extremity radicular pain. (*Id.*)

Additionally, the ALJ explained that the evidence, particularly the orthopedic consultative examinations, does not support the opinion of Plaintiff's treating physician, who determined that Plaintiff could not perform sedentary work. (R. at 239.) Notably, the ALJ observed that Plaintiff's own treating physician, Dr. Quartararo, determined that: (1) Plaintiff's condition was improving; (2) Plaintiff had moderate range of motion limitation; and (3) Plaintiff's upper and lower extremities demonstrated normal strength. (*Id.*) Therefore, the ALJ found that Plaintiff's medically determinable impairments could cause the alleged symptoms, but that Plaintiff's statements concerning the magnitude of such symptoms are not credible to the extent they are inconsistent with the evidence. (*Id.*)

At step four, the ALJ found that Plaintiff is unable to perform his past work as a mechanic and electrician because both jobs require greater than a sedentary RFC. (R. at 240.)

Finally at step five, the ALJ considered Plaintiff's age, education, work experience, and RFC to conclude that Plaintiff has the ability to work in certain positions that are readily available in the national economy. (*Id.*) His findings were based on the testimony of the Vocational Expert ("VE"), who stated that an individual with at least a high school education

who had a sedentary RFC could perform the requirements of occupations such as table worker, final assembler, and hand packager. (R. at 240-41.) Therefore, the ALJ concluded that Plaintiff is not disabled under §§ 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. (R. at 241.)

## II.     LEGAL STANDARD[1]

### A.     The Five-Step Process for Evaluating Whether a Claimant Has a Disability

Under the Social Security Act, the Social Security Administration ("SSA") is authorized to pay SSI to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(1); 20 C.F.R. § 404.1520(a)(1). At step one, the ALJ assesses whether the claimant is currently performing substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled and, thus, the analysis ends. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has a "severe" physical or mental impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). Absent such impairment, the claimant is not disabled. *Id.*

---

[1] The regulations governing SSI—20 C.F.R. § 416.920—and those covering disability insurance benefits—20 C.F.R. § 404.1520— are identical. Thus, this Court will consider case law developed under both regimes and apply the same legal standard to the SSI and DIB claims. *Rutherford v. Barnhart*, 399 F.3d 546, 551 n. 1 (3d Cir. 2005) (citation omitted).

5

Conversely, if the claimant has such impairment, the ALJ proceeds to step three. *Id.* At step three, the ALJ evaluates whether the claimant's severe impairment either meets or equals a listed impairment. 20 C.F.R. § 416.920(a)(4)(iii). If so, the claimant is disabled. *Id.* Otherwise, the ALJ moves on to step four, which involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity [("RFC")]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, the ALJ proceeds to the fifth and final step of the process. *Id.*

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings . . . ." *Id.* at 263 n. 2 (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47 n. 5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987)). The Commissioner bears the burden of proof for the final step. *See id.* at 263. The final step requires the ALJ to "show [that] there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.* (citation omitted). Notably, the ALJ typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

    B.    <u>The Standard of Review: "Substantial Evidence"</u>

This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L.Ed. 126 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Consequently, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

## III. DISCUSSION

Plaintiff makes the following arguments in support of his contention that the decision of the ALJ should be reversed: (1) The ALJ did not comply with the Order of the Appeals Council because he failed to closely review the reports of Dr. Quartararo, Dr. Vassalo (the Social Security Administration's pre-hearing orthopedic consultative examiner), and Dr. Fusman (the post-hearing orthopedic consultative examiner), in conjunction with Plaintiff's testimony and other medical evidence in the record; (2) The ALJ did not rely on substantial evidence when assessing the claimant's RFC; (3) The ALJ failed to consider the correlation between Plaintiff's subjective complaints and Dr. Quartararo's opinions; and (4) The ALJ failed to give substantial or controlling weight to Dr. Quartararo's opinion under the Treating Physician's Rule, and instead relied on the report of Dr. Fusman and Dr. Vassalo. (*See* Pl. Br. at 3,6, 7.)

The Court will now proceed to address the merits of Plaintiff's arguments.

A.  <u>Whether the ALJ Failed to Comply with the Order of the Appeals Council</u>

The Appeals Council ordered the ALJ to obtain additional evidence and consider the report of each treating or examining source, further evaluate claimant's subjective complaints, give further consideration to claimant's RFC, and obtain testimony from a vocational expert. (R. at 272). It is apparent to the Court that the ALJ complied with the Appeals Council's order. Specifically, the ALJ assessed Dr. Quartararo's opinion but did not afford it controlling weight nor was he instructed to do so on remand from the Appeals Council. (R. at 238, 272.) Dr. Quartararo's report from September 2005 indicated that the MRI study of Plaintiff's lumbar spine showed *mild* spinal stenosis at L2-3 and L3-4 with central left disc herniation at L5-S1. (R. at 194.) (emphasis added). The ALJ found Dr. Quartararo's opinion that Plaintiff could sit for less than six hours per day inconsistent with the overall evidence and the testimony of the Vocational Expert. (R. at 239.) It is the ALJ's presumption that Dr. Quartararo's opinion is solely based on Plaintiff's subjective complaints rather than concrete evidence.

In contrast to Dr. Quartararo's view, Dr. Vassalo reported that Plaintiff could sit for 30 minutes before changing positions, could stand for 30 minutes, and could walk about two blocks. (R. at 173.) Dr. Vassalo further observed that Plaintiff had intact sensation, symmetrical reflexes, and full 5/5 muscle strength in the upper and lower extremities. (R. at 173.) A subsequent consultative orthopedic examination, performed by Dr. Fusman, took place on September 15, 2011. Dr. Fusman's findings during this examination were consistent with Dr. Vassalo's report. Dr. Fusman concluded that Plaintiff did not use a cane when walking; both his upper and lower extremities demonstrated normal strength, normal reflexes, and an ability to walk on his heels and squat half way. (R. at 239.) X-rays further supported these findings. In considering the entirety of the record, this court finds the ALJ's decision to give less weight to

Dr. Quartararo's opinion to be supported by substantial evidence and not inconsistent with the order of the Appeals Council.

In accord with the Appeals Council order, the ALJ considered Plaintiff's subjective complaints. The ALJ evaluated the intensity, persistence, and limiting effects of the Plaintiff's symptoms to determine the extent to which they hinder his functioning. (R. at 238) However, Plaintiff's subjective complaints were not dispositive in the ALJ's decision as they were inconsistent with the entirety of the medical record. (*Id*.)

    B.  <u>The ALJ's Evaluation of Plaintiff's RFC and Vocational Expert's Testimony</u>

In determining the Plaintiff's RFC, the ALJ must follow a two-step process. First, the ALJ must decide whether there is an underlying medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4). Second, once a physical or mental impairment is established, the ALJ must evaluate the intensity, persistence, and limiting effects of the Plaintiff's symptoms to determine the extent to which they effect the claimant's functioning. (R. at 238.) The ALJ followed this two-step process to conclude that, while Plaintiff continues to have back pain and lower extremity radicular pain, he has significantly improved his condition. (*Id*.) The 2011 medical records show continued muscle weakness and joint pain but still indicate significant improvement. (R. at 239.)

Furthermore, the VE's testimony supports the ALJ's assessment of Plaintiff's RFC. Since the claimant's ability to perform all of the requirements of sedentary work is impeded by additional limitations, the ALJ correctly addressed these limitations with the VE in determining the availability of jobs specifically fit for Plaintiff's abilities. (R. at 240.) The VE testified that given claimant's age, education, work experience, and residual function capacity, he would be

9

able to perform jobs such as table worker, final assembler, and hand packager. (R. at 241.) The VE also testified that such jobs are currently available in the national economy. (R. at 240.)

In considering the 2011 medical records and the VE's testimony, this Court holds that the ALJ's evaluation of Plaintiff's RFC is supported by substantial evidence.

    C. <u>Application of the Treating Physician's Rule</u>

The Treating Physician's Rule requires an ALJ to give more weight to an opinion by a treating source. *Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998). Opinions of a claimant's physician are entitled to "substantial and at times controlling weight". 20 C.F.R. §404.1527(d)(2). However, the "treating source's opinion is entitled to controlling weight only when it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the claimant's case record'". *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 202 (3d Cir. 2002) (quoting *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001).)

The ALJ considered the full medical evidence collected by Dr. Quartararo but, as discussed above, found his overall opinion to be inconsistent with the record. The Treating Physician's Rule requires an ALJ to give more weight to an opinion by a treating source. *Schaal*, 134 F.3d at 496. However, the "treating source's opinion is entitled to controlling weight only when it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the claimant's case record.'" *Johnson*, 529 F.3d at 202 (quoting *Fargnoli*, 247 F.3d at 43.)

The ALJ gave less weight to Dr. Quartararo's assertion that Plaintiff was limited to less than sedentary work because that assertion is inconsistent with the findings of Dr. Vassalo, Dr. Fusman, and Dr. Quartararo's own medical report. Dr. Quartararo's examination indicated full

5/5 strength in Plaintiff's lower extremities, full 5/5 muscle strength, full ability to walk on heels and toes, and full lateral flexion of his lumbar spine. (R. at 183, 189.) These findings contradict Dr. Quartararo's conclusion that Plaintiff can perform less than sedentary work. The medical evidence collected by Dr. Fusman and Dr. Vassalo provides additional support for the ALJ's decision to give less weight to Dr. Quartararo's general opinion. Thus, the ALJ correctly considered the totality of the evidence and concluded that Dr. Quartararo's assertion was inconsistent and should be accorded less weight. The ALJ's conclusion is not in violation of the Treating Physician's Rule because he properly compared the opinions of the treating doctors and found Dr. Quartararo's opinion to be inconsistent. Thus the ALJ's decision to give less weight to Dr. Quartararo's general findings is supported by substantial evidence contained in the totality of the record.

## IV. CONCLUSION

In light of the foregoing, the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act is supported by substantial evidence. Accordingly, the decision of the ALJ is hereby AFFIRMED.


DATED: October 23, 2013

/s/ Jose L. Linares_____
JOSE L. LINARES
U.S. DISTRICT JUDGE